IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

Filed/Docketed
Oct 11, 2012

IN RE:

CODY JOHN SMITH,

Debtor.

Case No. 12-12163-M
Chapter 7

## MEMORANDUM OPINION

THIS MATTER comes before the Court pursuant to the Order to Show Cause entered by this Court, at Docket No. 7, and the Response to Order to Show Cause, filed by Cody John Smith, Debtor herein, at Docket No. 9. The Court must determine whether Mr. Smith was eligible to be a debtor under Title 11 of the United States Code at the time he filed his petition. While the Court sympathizes with Mr. Smith's situation, it concludes that his case must be dismissed.

### Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409.[1]  Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a).  A determination regarding an individual's eligibility to be a debtor under Title 11 is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A).

### Background

On August 6, 2012, Cody John Smith ("Debtor") filed an original petition for relief under Chapter 7 of the United States Bankruptcy Code.[2]  In conjunction with the petition, Debtor filed Exhibit D, which includes a certified statement that he received a briefing from an approved credit

---

[1] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (West 2012).

[2] *See Docket No. 1.*

counseling agency "[w]ithin the 180 days before the filing of [his] bankruptcy case[.]"[3] Debtor filed a Certificate of Counseling that indicated Debtor had received a briefing from an approved credit counseling agency on February 7, 2012, which is a date that is 181 days prior to the filing of this bankruptcy case.[4]

The Court issued an Order to Show Cause why this case should not be dismissed because, contrary to his certification on Exhibit D, the documents of record did not indicate that Debtor had received the counseling required by § 109(h)(1) within the 180-day period ending on the date of filing of the petition; nor had he requested an exemption or waiver of that requirement under any applicable statute.[5] Debtor filed a response ("Response"), wherein he recites the facts as stated *supra*.[6]

### Applicable Law

Section 109(h)(1) of the United States Bankruptcy Code provides:

> (h)(1) Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section other than paragraph (4) of this subsection, an individual may not be a debtor under this title unless such individual has, **during the 180-day period ending on the date of filing of the petition by such individual**, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.[7]

Rule 9006 of the Federal Rules of Bankruptcy Procedure states:

---

[3] *See id.* at 15.

[4] *Docket No. 2.*

[5] *Docket No. 7.*

[6] *Docket No. 9.*

[7] § 109(h)(1) (emphasis added).

**Rule 9006. Computing and Extending Time**

(a) Computing Time. The following rules apply in computing any time period specified in these rules, in the Federal Rules of Civil Procedure, in any local rule or court order, or in any statute that does not specify a method of computing time.

> (1) Period Stated in Days or a Longer Unit. When the period is stated in days or a longer unit of time:
>
>> (A) exclude the day of the event that triggers the period;
>>
>> (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
>>
>> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.
>
> * * *
>
> (5) "Next Day" Defined. The "next day" is determined by continuing to count forward when the period is measured after an event and backward when measured before an event.

### Discussion

*Eligibility under § 109(h)(1)*

In enacting the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"),[8] Congress created a new pre-filing credit counseling requirement for all individual debtors seeking bankruptcy protection.[9] As enacted, § 109(h)(1) provided that, with certain exceptions,[10] an individual could not be a debtor under any chapter of the Bankruptcy Code unless

---

[8] Pub. L. No. 109-8, 119 Stat. 23 (2005).

[9] § 109(h)(1).

[10] Statutory exemptions were made available to those who resided in a district where no approved counseling services were available, § 109(h)(2); had requested counseling services but exigent circumstances necessitated an immediate filing before such services could be obtained,

he or she had received an approved briefing (commonly referred to as "credit counseling") "during the 180-day period **preceding** the date of filing of the petition . . . ."[11] Where none of the statutory exemptions applied, many courts, including this Court, adopted a strict interpretation of the 180-day provision. These courts routinely dismissed cases when debtors were found to be ineligible, whether because the credit counseling was taken outside the 180-day window, was taken from an unapproved source, or was taken post-petition without requesting a waiver and meeting the requirements of § 109(h)(3).[12] As part of the Bankruptcy Technical Corrections Act of 2010,[13] § 109(h)(1) was amended to remove the word "preceding" and add the phrase "ending on," so that it now reads, "during the 180-day period **ending on** the date of filing of the petition. . . ."[14]

Eligibility to be a debtor under Title 11 is measured as of the filing of the petition.[15] Section

---

§ 109(h)(3); or were incapacitated, disabled, or on active military duty in a military combat zone, § 109(h)(4). No argument has been made that any of these exemptions apply in the present case.

[11] § 109(h)(1) (2005) (emphasis added).

[12] *See, e.g., In re Giles*, 361 B.R. 212 (Bankr. D. Utah 2007) (court had no discretion to excuse noncompliance with § 109(h)(1) where credit counseling was received 182 days prior to filing); *In re Williams,* 359 B.R. 590 (Bankr. E.D.N.C. 2007) (certificate showing credit counseling taken 182 days prior to petition date did not meet requirements of § 109(h); case dismissed).

[13] Pub. L. No. 111-327, 124 Stat. 3557 (Dec. 22, 2010).

[14] § 109(h)(1) (emphasis added).

[15] *See In re Francisco*, 390 B.R. 700, 705 (10th Cir. BAP 2008)("[W]e conclude that a debtor qualifies as a debtor under § 109(h) so long as he or she completes the required credit counseling at any time between 180 days before, and the moment of, filing the petition."); *In re Lane,* No. 12-10718-M, 2012 WL 1865448 (Bankr. N.D. Okla. May 22, 2012) (case dismissed where credit counseling received one hour after filing of bankruptcy case); *In re Charette*, No. 10-14292-R, 2011 WL 149203 (Bankr. N.D. Okla. Jan. 18, 2011) (case dismissed where credit counseling was received two days after filing petition in absence of meeting any statutory waiver requirements).

109(h)(1) establishes a statutory window for receiving credit counseling that is the 180-day period ending on the petition date, absent a waiver of the requirement.[16] Courts that have addressed this matter have adopted the view that the credit counseling requirement runs backwards from the date of filing the petition, and that the period is counted by subtracting 180 days from the date of filing the petition.[17] Subtracting 180 days from the date of filing the petition results in a date that: 1) begins "the 180-day period ending on the date of filing of the petition" per § 109(h)(1); and 2) excludes the first day of the period, per Federal Rule of Bankruptcy Procedure 9006(a)(1)(A). The Court agrees that this is the proper method of counting, as presented in *In re John*, and will apply it to the present case.

Debtor argues that the event that triggered the applicable period was the receipt of the credit counseling course. Under Debtor's scenario, the receipt of the course triggered a 180-day period counting forward in which to file the case. Counsel cites no authority for this method of measuring the 180-day period, and the Court must reject it as a matter of law. Debtor cites the Court to *In re Smith*,[18] for the proposition that Rule 9006(a) may only be used to count periods forward from the occurrence of an event, and not backwards. The Court notes that Rule 9006 was amended in 2009 and now specifically applies to periods counting both forwards and backwards.[19]

*Application*

---

[16] *See In re Moore*, 359 B.R. 665, 671 (Bankr. E.D. Tenn. 2006); *In re Hudson*, 352 B.R. 391, 395 (Bankr. D. Md. 2006).

[17] *See In re John*, No. 5:08-52505, 2012 WL 1998405 at *5, __ B.R. __ (Bankr. M.D. Pa. June 4, 2012).

[18] *In re Smith*, 96 F.3d 800 (6th Cir. 1996)

[19] *See* Fed. R. Bankr. P. 9006, Advisory Committee Notes to the 2009 Amendments (discussing the new Rule 9006(a)(5)).

One hundred eighty days prior to Monday, August 6, 2012 (the petition filing date) is Wednesday, February 8, 2012. That is the earliest date that Debtor could have received credit counseling that would allow Debtor to be eligible under § 109(h)(1).[20] Any earlier date is outside the 180-day window. Debtor received credit counseling on Tuesday, February 7, 2012, which is 181 days prior to the filing date of the petition. The Court concludes that Debtor did not receive credit counseling within the "180-day period ending on the date of filing of the petition," and he is therefore not eligible to be a debtor under the Bankruptcy Code.

### Conclusion

In the absence of a valid exemption or other waiver under § 109(h)(2–4), the Court finds that Debtor is not eligible to be a debtor under Title 11 of the United States Code, and that his case shall be dismissed.

A separate order consistent with this Memorandum Opinion is entered concurrently herewith.

Dated this 11th day of October, 2012.

6432.1

BY THE COURT:

TERRENCE L. MICHAEL, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

---

[20] Neither the beginning nor end dates of this period falls on a weekend or holiday, and thus there is no argument that any extension should be made under Rule 9006(a)(1)(C). The Court specifically reaches no conclusion regarding the application of Rule 9006 in the event either the beginning or ending dates of the period fall on a weekend or holiday. The Court will address those issues only when and if the proper set of facts is presented.